HOOD, Judge.
This is a suit on an open account instituted by Pioneer-Hydrotex Industries, Inc., against J. A. Pickett. Defendant answered,
denying that he purchased or received the merchandise alleged to have been sold to him. Judgment on the merits was rendered by the trial court in favor of plaintiff. Defendant has appealed.
The trial judge obviously concluded that defendant ordered merchandise from plaintiff as alleged, that the merchandise was delivered to defendant, and that defendant is indebted to plaintiff for $500.00, that being the remaining balance alleged to be due on that account. Judgment thus was rendered in favor of plaintiff and against defendant for that amount. We have reviewed the evidence, and we conclude that it supports the findings of and the judgment rendered by the trial court.
In this court defendant contends that the judgment appealed from should be reversed because he was not notified “of the day that this decision was to be made in open court.” The record shows that the trial judge took the case under advisement and rendered judgment at. a later date. Defendant correctly points out that, insofar as the record shows, he was never notified of the date on which that judgment was to be rendered.
Article 1913 of the Louisiana Code of Civil Procedure provides that notice of the “signing” of certain judgments shall be mailed to counsel or to each party not represented by counsel. The notice required by that article, however, must be mailed after the judgment has been signed. See LSA-CCP art. 1974. We find no requirement that notice be given prior to the signing of the judgment that such a judgment is to be rendered on a certain date. We, therefore, conclude that there is no merit.to this argument of defendant.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.